UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY E. FOUST, individually and as Administrator of the ESTATE OF HUNTER W.P. FOUST, | : CIVIL ACTION - LAW : : NO. |
| Plaintiff, | : : JURY TRIAL DEMANDED |
| vs. | : |
| PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3, | : : : : : : |
| Defendants. | : |

## CIVIL ACTION – COMPLAINT

Plaintiff, RODNEY E. FOUST, individually and as Administrator of the ESTATE OF HUNTER W.P. FOUST, hereby brings this action against Defendants, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, and PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3, individually and in their capacities as State Police officers for the Commonwealth of Pennsylvania, and in support thereof avers as follows:

### PARTIES

1. Plaintiff, RODNEY E. FOUST, is an adult individual and a resident of 859 Flanagan Road, Wyalusing, Bradford County, Pennsylvania, and is the named personal representative of the estate of his son, deceased, the ESTATE OF HUNTER W.P. FOUST.

2.Decedent is Hunter W.P. Foust ("Hunter"), a minor male shot and killed at the age of 15 in Bradford County, Pennsylvania on May 4, 2023. The decedent resided with his father at 859 Flanagan Road, Wyalusing, Bradford County, did not have a spouse or children, and is survived by his father, Plaintiff, Rodney E. Foust, and mother, Angel Bailey.

3.Defendant PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1 is believed to be an adult male who was at all times relevant a member of the Pennsylvania State Police employed as a law enforcement officer and whose actions, as described below were taken under color of state law.

4.Defendant PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2 is believed to be an adult male who was at all times relevant a member of the Pennsylvania State Police employed as a law enforcement officer and whose actions, as described below were taken under color of state law.

5.Defendant PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3 is believed to be an adult male who was at all times relevant a member of the Pennsylvania State Police employed as a law enforcement officer and whose actions, as described below were taken under color of state law.

## JURISDICTION AND VENUE

**6.**This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the United States Constitution and 42 U.S.C. § 1983.

7.  Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful practices alleged below occurred in this District and because all parties are found in this District.

## JURY TRIAL DEMAND

8.  Plaintiff hereby demands a trial by jury of all matters complained of.

## FACTUAL ALLEGATIONS

9.  In the morning hours of May 4, 2023, Hunter was sent home from school, Northeast Bradford High School, due to allegedly typing words on a school computer found to be offensive.

10. Upon information and belief, Bradford High School officials contacted the Pennsylvania State Police ("PSP") regarding Hunter's actions.

11. Following his arrival at home, which occurred at or around 11:00 a.m. on May 4, 2023, he encountered his mother, Angel Bailey, who perceived that he was in emotional distress.

12. On or about 11:30 a.m., PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, and PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3 (collectively, the "PSP Officers") arrived at the home, knocked on the door, and requested that they be permitted to talk with Hunter, who had retreated to his bedroom.

13. The PSP Officers left the home the home after advising Ms. Bailey that criminal charges were to be filed against Hunter due to his alleged typing offensive computer entries and that he would be required to come to the police station.

14. Soon after the PSP Officers' departure, Hunter exited the home and proceeded into the adjacent wooded area.

15. Ms. Bailey had realized that Hunter had left and believed that he had taken with him one of his father's handguns, which prompted her to contact his father, Mr. Foust, in order to advise of her concerns.

16. The PSP Officers, for reasons unknown and with deliberate indifference to Hunter's known constitutional rights, proceeded to pursue Hunter on foot with weapons drawn.

17. At the same time that Defendants were pursuing Hunter on foot, Mr. Foust arrived at the home and was made aware of this occurrence.

18. Mr. Foust, believing that he had an idea of where his son was proceeding to, took a series of back roads toward a wooded area behind his home.

19. Mr. Foust parked his truck on an overlooking ridge the area and then personally then witnessed Defendants closing in on his son on foot with weapons drawn.

20. In the next moments, Mr. Foust observed one, each or all three of the PSP Officers fire on Hunter, causing him to suffer a fatal injury.

21. At the time he was shot, Hunter was believed to be holding a handgun down towards the ground which was not pointed towards Defendants.

22. In the moments before deadly force was used, Defendants had specific knowledge that Hunter was emotionally distraught, not thinking rationally and was likely impaired.

23. No exigent circumstances existed requiring the rush to use of deadly force as Hunter did not present a threat to anyone other than himself.

24. At no time during the exchange or interaction did Hunter point a weapon at any of Defendants or threaten harm to them or anyone else.

25. Before pursuing Hunter and then killing him, Defendants never attempted to obtain assistance from local mental health professionals nor employ any measures to de-escalate the situation.

26. The bullets fired by the PSP Officers caused Hunter to suffer serious and fatal injuries.

27. The above actions of the Defendants were all taken with reckless disregard and in deliberate indifference to the decedent, Hunter W.P. Foust.

28. An autopsy was performed on Hunter which determined that the cause of death was a penetrating gunshot wound to the torso and classified as a homicide.

**COUNT ONE**
**(Plaintiff v. COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, and COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3)**
**USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983**

29. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

30. Defendants PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, and PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3 (collectively, the "PSP Officers") used physical and deadly force against Hunter by firing bullets at him with the intent of causing serious injury or death.

31. Defendants' use of deadly force against Hunter was objectively unreasonable, as he did not present any credible threat of causing serious injury or death to them, or to anyone else.

32. The use of deadly force by Defendants was a violation of clearly established law as, again, Hunter was presenting no physical threat to anyone, nor under the suspicion of committing any crime, nor engaging in any level of resistance.

33. The force used was excessive, unlawful, and used solely for the purpose of causing physical pain, injury or death.

34. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff was caused to suffer embarrassment, humiliation, physical and psychological pain injury, pain and suffering.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for damages in the form of economic, actual and compensatory damages, including attorneys fees and costs, lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

### COUNT TWO
### (Plaintiff v. COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 1, COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 2, and COMMONWEALTH OF PENNSYLVANIA STATE POLICE OFFICER JOHN DOE 3)
### 42 U.S.C. § 1983
### 4TH AMENDMENT (FAILURE TO INTERVENE)

35. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

36. It is established law that a law enforcement officer may be held personally liable for failure to intervene in another's use of excessive force, assuming if there was a realistic and reasonable opportunity to do so. It appears that based on the information known, each Defendant may have had ample opportunity to deescalate the situation or intervene in time to save Hunter's life. Instead of doing so, each Defendant did nothing resulting in Hutner's tragic demise.

37. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff was caused to suffer embarrassment, humiliation, physical and psychological pain injury, pain and suffering.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for damages in the form of economic, actual and compensatory damages, including attorneys fees and costs, lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT THREE
### (Plaintiff vs. Defendants)
### SURVIVAL ACTION PURSUANT TO PENNSYLVANIA LAW

38. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

39. Defendants violated the decedent's state and federal rights, causing him to suffer injury and death. The foregoing counts are hereby being separately pleaded and incorporated as a part of the Estate's claim for survival damages pursuant to Pa.C.S. § 8302.

40. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff was caused to suffer embarrassment, humiliation, physical and psychological pain injury, pain and suffering.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for damages in the form of economic, actual and compensatory damages, including attorneys fees and costs, lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT THREE
### (Plaintiff vs. Defendants)
### WRONGFUL DEATH PURSUANT TO PENNSYLVANIA STATE LAW

41. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

42. Defendants violated the Estate's state and federal rights. The foregoing counts are hereby being separately pleaded and incorporated as a part of the Estate's claim for survival damages pursuant to Pa.C.S. § 8301.

43. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff was caused to suffer embarrassment, humiliation, physical and psychological pain injury, pain and suffering.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for damages in the form of economic, actual and compensatory damages, including attorney's fees and costs, lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LAW OFFICE OF JOHN R. VIVIAN, JR. |
| Dated: January 25, 2024 | By: _____ |
|  | JOHN R. VIVIAN, JR. |
|  | Attorney I.D. 34459 |
|  | 830 Lehigh Street |
|  | Easton, PA 18042 |
|  | (T) 610.258.6625 / (F) 610.258.4875 |