# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY E. FOUST, *individually and as Administrator of the Estate of Hunter W.P. Foust*, | No. 4:24-CV-00155 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA STATE POLICE OFFICER CORPORAL NORMAN STRAUSS III, *et al.*, | |
| Defendants. | |
| PENNSYLVANIA STATE POLICE OFFICER CORPORAL NORMAN STRAUSS III, | |
| Counterclaim Plaintiff, | |
| v. | |
| RODNEY E. FOUST, *individually and as Administrator of the Estate of Hunter W.P. Foust*, | |
| Counterclaim Defendant. | |
| ANGEL BAILEY, *individually and as Administrator of the Estate of Hunter W.P. Foust*, | No. 4:25-CV-00758 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA STATE POLICE OFFICER CORPORAL NORMAN STRAUSS III, *et. al.,* | |
| Defendants. | |

# MEMORANDUM OPINION

**NOVEMBER 12, 2025**

These cases arise out of an officer-involved shooting that tragically resulted in the death of a fifteen-year-old boy. Defendants have maintained that responsibility for that sad occurrence rests, at least in part, on the boy's father and previously filed a counterclaim to that effect. That counterclaim caused Plaintiffs to dismiss the earlier of these two cases out of concern for a potential conflict of interests in the attorneys representing both the father and the decedent's estate.

However, Plaintiffs instituted the new case in a manner that directly impedes Defendants' ability to fully explore and litigate the nature of their liability as opposed to the potential liability of the father for the underlying harm that has driven these cases. Because reopening the earlier case is the most effective method to ensure that substantial justice is done for all parties, that case will be reopened, and the cases consolidated.

## I.   BACKGROUND

In May 2024, Rodney E. Foust ("Foust"), individually and as administrator of the estate of Hunter W.P. Foust,[1] filed an amended complaint against Pennsylvania State Police ("PSP") Corporal Norman Strauss III and PSP Officers John Does 1 and 2 alleging that Defendants had violated Hunter Foust's rights during a police-involved fatal shooting that occurred on May 4, 2023 (the "2024 Case").[2] In July 2024, Strauss filed an answer and

---

1   Rodney Foust is the father of Hunter Foust.
2   Doc. 10. References to "Doc." refer to the docket in the matter of *Foust v. Strauss*, 4:24-CV-00155.

asserted a negligence counterclaim against Foust.[3] In August 2024, Foust filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a), thereby dismissing that case without prejudice.[4]

Unexpectedly, on April 30, 2025, Angel Bailey,[5] as the new administrator of the estate of Hunter W.P. Foust, initiated a new lawsuit by filing a four-count complaint against Strauss and PSP Officers John Does 1 and 2 (the "2025 Case").[6] This suit asserts nearly identical claims as the 2024 Case. On May 6, 2025—after the expiration of the two-year statute of limitations for negligence claims in Pennsylvania—Bailey notified Defendants of the 2025 Case and requested that they waive service.[7] In response, Strauss filed a motion to reopen the 2024 Case and consolidate these actions on May 28, 2025, together with a motion to stay the 2025 Case.

This concerning timeline led the Court to conclude that Strauss had likely adequately justified reopening the case, but *sua sponte* raised concerns with its jurisdiction over this matter, as well as whether the 2024 Case should be consolidated with the 2025 Case.[8] The Court therefore directed briefing on those questions in both the 2024 Case and 2025 Case.[9] Briefing is now completed, rendering the motions ripe for consideration. For the following reasons, the Court will reopen the 2024 Case and consolidate the two actions.

---

[3] Doc. 13.
[4] Doc. 15.
[5] Angel Bailey is the mother of Hunter Foust.
[6] *Bailey v. Strauss III et al.*, 4:25-CV-00758, Doc. 1 (April 30, 2025).
[7] *Bailey*, 4:25-cv-00758, Doc. 7-1 at 3.
[8] Doc. 18.
[9] *Id.*; *Bailey*, 4:25-cv-00758 at Doc. 6.

## II.   DISCUSSION

In these matters, there are three critical questions that are dispositive of the pending motions. First, the Court must determine whether reopening the 2024 Case, pursuant to Federal Rule of Civil Procedure 60(b), is appropriate. If it is, this Court must satisfy itself that it would retain jurisdiction over that matter. Then, it must decide whether the 2024 Case should be consolidated with the 2025 Case.

### A.   Rule 60(b)

Strauss asserts that this Court should reopen the 2024 Case pursuant to Federal Rule of Civil Procedure 60(b).[10] That Rule provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for" several reasons, including for any "reason that justifies relief."[11]

As the United States Court of Appeals for the Third Circuit has explained, "Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any reason' other than those listed elsewhere in the Rule."[12] "[C]ourts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."[13] Rule 60(b)(6) "provides a grand reservoir of equitable power to do justice in a particular case" and, as a consequence, courts must "employ[] a flexible, multifactor approach to Rule 60(b)(6) motions."[14]

---

[10]   Docs. 16, 17.
[11]   Fed. R. Civ. P. 60(b)(6).
[12]   *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (ellipsis omitted).
[13]   *Id.* (internal quotation marks omitted).
[14]   *Id.* at 122 (internal quotation marks omitted).

Although the decision to grant or deny a Rule 60(b) motion "is within the sound discretion of the court," that discretion "is guided by a number of relevant factors" including:

> [1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the order under attack.[15]

The burden rests upon the moving party to demonstrate "entitlement to such equitable relief."[16]

Here, a balance of the relevant considerations leads to the conclusion that Strauss' motion should be granted pursuant to Rule 60(b)(6). Although final judgments should not be lightly disturbed, the circumstances here strongly call for the exercise of equitable powers and demonstrate a need to do substantial justice. The facts inescapably reflect poorly on Plaintiffs and their attorneys, although the Court is reluctant to term any behavior on their part as fraudulent.

The events underlying these lawsuits occurred on May 4, 2023,[17] meaning any claim for negligence would have run on May 4, 2025, at the expiration of the two-year statute of limitations applicable to negligence claims under Pennsylvania law.[18] The 2024 Case was commenced well within the applicable statute of limitations, and Strauss filed his

---

[15] *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (brackets and ellipsis omitted).
[16] *Cox*, 757 F.3d at 120.
[17] Doc. 10 at 2.
[18] *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024).

negligence counterclaim in July 2024, more than nine months before the expiration of the limitations period.[19] The matter did not proceed, however, because Plaintiffs' counsel apparently determined that there was a possible conflict of interests in representing both Foust and Hunter W.P. Foust's estate,[20] and therefore voluntarily dismissed the 2024 Case without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(2).[21] That occurred on August 12, 2024.

Plaintiffs' counsel somehow took approximately eight months to determine that there was indeed a conflict of interests and to resolve it by having Bailey appointed as the administrator of Hunter W.P. Foust's estate, because the 2025 Case was then filed on April 30, 2025.[22] This was five days prior to the expiration of the statute of limitations on Foust's and Strauss' claims. Had Defendants been immediately notified of the 2025 Case, it is likely that this Memorandum Opinion would not be necessary, as Strauss could have brought a timely claim against Foust. But that is not what happened. Instead, Plaintiffs' attorneys did not notify Defendants of the 2025 Case until May 6, 2025—two days after the statute of limitations expired on Strauss' negligence claim against Foust.[23] This delay seemingly ended the possibility of Strauss pursuing a new claim against Foust.

This appears to the Court to have been a legal gambit that was too clever by half. The timing is suspicious and gives the impression that Plaintiffs actively sought to impede Strauss' claim against Foust. Had any one of those procedural facts been different, Strauss'

---

[19]  Doc. 13.
[20]  *Bailey*, 4:25-cv-00758, Doc. 7-1 at 2-3.
[21]  Doc. 15.
[22]  *Bailey*, 4:25-cv-00758, Doc. 1.
[23]  *Bailey*, 4:25-cv-00758, Doc. 7-1 at 3.

claim would have been preserved. The timing of the filing of the complaint in the 2025 Case—on the eve of the statute of limitations—is most suspicious. Such possible manipulation of the Rules is an obvious concern for courts. So much so that, where there is a compulsory counterclaim, any statute of limitations for such a counterclaim will be tolled upon the filing of a complaint to prevent a plaintiff "from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it."[24] But Plaintiffs have evaded this judicially-created protection by altering the plaintiff in these matters and thereby removing the previously compulsory nature of Strauss' counterclaim.

Due to Plaintiffs' actions in these cases—whether done maliciously or entirely innocuously—Strauss has been deprived of the right to pursue his claim against Foust. The only way to ensure that substantial justice is done, and to balance the intervening equities, is to permit Strauss' original counterclaim to proceed by reopening the 2024 Case.

Further weighing in favor of granting the Rule 60(b) motion is the fact that Strauss is not using the motion as a substitute for an appeal. He does not challenge any fundamental error in the prior dismissal since it was voluntary. Rather, Strauss is simply seeking to continue with his claim given that the prior claims against him have been reinstated. Finally, Strauss filed his motion within a reasonable time—approximately three weeks after his attorney learned that a new lawsuit had been filed against him alleging substantially similar facts and causes of action.

---

[24] *Giordano v. Claudio*, 714 F. Supp. 2d 508, 523 (E.D. Pa. 2010) (quoting *also* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1419, at 235-36 (2d ed.1990)).

At core, Strauss' motion must be granted because it would be inequitable to deny the motion and deny him the chance to pursue his counterclaim while the original claims against him proceed. For that reason, the Court concludes that the Rule 60(b) motion should be granted if it retains jurisdiction over the 2024 Case.

**B.     Jurisdiction**

Because this Court has determined that there is cause to grant Strauss' Rule 60(b)(6) motion, it must assure itself that it continues to have jurisdiction over this matter.[25] Bailey focuses exclusively on the diversity of the parties, asserting that there is no diversity jurisdiction in the 2024 Case because there is no complete diversity of citizenship between the parties in that matter, and never was.[26]

But that argument ignores the fact that the 2024 Case was not premised on diversity jurisdiction but, instead, was explicitly based upon federal question jurisdiction, since it alleged federal causes of action.[27] This Court had jurisdiction over Strauss' counterclaim pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over any state law "claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

When a court exercises supplemental jurisdiction over state law claims, it is not divested of jurisdiction due to the dismissal of "all claims over which it has original jurisdiction" but, instead, may exercise its discretion to retain or decline to exercise

---

[25] *See Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) (observing that courts have a "continuing obligation to assure that we have jurisdiction" over a case (internal quotation marks omitted)).
[26] *Bailey*, 4:25-cv-00758, Doc. 7-1 at 4-6.
[27] Doc. 10 at 2.

supplemental jurisdiction over any remaining state law claims.[28] Consequently, "[e]ven if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."[29]

This Court properly exercised federal question jurisdiction over the amended complaint in the 2024 Case. It may therefore properly continue to exercise supplemental jurisdiction over Strauss' counterclaim.

### C.  Consolidation

Finally, as this Court retains jurisdiction over Strauss' counterclaim and will reopen the 2024 Case, it must decide whether the 2024 Case and 2025 Case should be consolidated. Pursuant to Federal Rule of Civil Procedure 42, courts may consolidate separate actions if those actions "involve a common question of law or fact."[30]

Plaintiffs' attorneys concede that the 2024 Case and 2025 Case involve common questions of law and fact and, therefore, consolidation is proper.[31] The Court agrees and will consolidate the cases.

### III.  CONCLUSION

In accordance with the above discussion, Strauss' motion to reopen the 2024 Case will be granted, and his motion in the 2025 Case to stay the lawsuit will be granted in part, to the extent that he requests the cases be consolidated.

---

[28]  28 U.S.C. § 1367(c)(3).
[29]  *Osborn v. Haley*, 549 U.S. 225, 245 (2007).
[30]  Fed. R. Civ. P. 42(a).
[31]  *Bailey*, 4:25-cv-00758, Doc. 7-1 at 8.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

10